IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WARDELL LEROY GILES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 09-045-SLR |
| | ) |
| MEDICAL CONTRACTORS CMS, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 14th day of April, 2009, having screened the case pursuant to 28

U.S.C. § 1915 and § 1915A;

IT IS ORDERED that plaintiff's motion to amend is denied, and plaintiff's request

for counsel is denied without prejudice. (D.I. 6, 10, 19) Plaintiff is allowed to proceed

with his medical needs claims against defendants Deputy Warden Pierce, Medical

Contractors CMS, and Dr. Kathy Kionke; all remaining claims and defendants are

dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1); and plaintiff is given

leave to amend the complaint only as to the retaliation issue, for the reasons that follow:

1. **Background**.  Plaintiff Wardell Leroy Giles ("plaintiff"), an inmate at the James

T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this civil rights action

pursuant to 42 U.S.C. § 1983.  He appears pro se and has been granted leave to

proceed in forma pauperis.

2. **Standard of Review**.  When a litigant proceeds in forma pauperis, 28 U.S.C.

§ 1915 provides for dismissal under certain circumstances.  When a prisoner seeks

redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

3. The legal standard for dismissing a complaint for failure to state a claim pursuant to § § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6) motions. *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (not reported); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000); *Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

2

*Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

4. Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id.* at 235 (quoting *Twombly*, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* at 234. Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 127 S.Ct. at 2200 (citations omitted).

5. **Discussion**. Plaintiff filed his complaint on January 21, 2009 against Medical Contractor CMS ("CMS"),[1] Dentist Lady, and Deputy Warden Pierce. (D.I. 2) Plaintiff filed an amended complaint on February 2, 2009. (D.I. 6) The amended complaint adds a number of new claims and defendants. It identifies defendant Dentist Lady as Dr.

---

[1]The court docket refers to this defendant as Medical Contractors. The clerk of the court is directed to **correct the docket** to defendant's name of Medical Contractor CMS.

Kathy Kionke ("Dr. Kionke").  Therefore, the clerk of the court is directed to **terminate** defendant Dentist Lady from the court docket.

6.  The day after the amended complaint was filed, the court received a letter asking that deputy warden Phelps ("Phelps"), a newly added defendant, be voluntarily dismissed from the case.  (D.I. 7)  Plaintiff also requested that the original complaint be "replaced" with the amended complaint.  (*Id.*)  Accordingly, this case will proceed on the amended complaint found at D.I. 6.  Phelps is **dismissed** from the case pursuant to Fed. R. Civ. P. 41(a).

7.  The amended complaint names as defendants CMS, Department of Correction ("DOC"), Dr. Kionke, John Doe ("Doe"),[2]  Counselor Kramer ("Kramer"), Ron Hosterman ("Hosterman"), Bureau Chief Rick Kearney ("Kearney"), Jamie Jackson ("Jackson"),[3] Deputy Warden Pierce ("Pierce"),[4] and C/O Gary Kihestone (Kiheston").  It contains allegations that the supervisors, who are not identified, are the driving force behind retaliation, have actual involvement, had fair notice and warning, and participated, condoned, or applauded injustices and violations.

---

[2]Described as the "medical grievance black guy" to whom Deputy Warden Pierce sent the investigation.

[3]Kramer, Hosterman, and Jackson all have the word "classification" after their names.

[4]Pierce is listed as a defendant on the court docket twice.  The clerk of the court is directed to **remove** or **terminate** one of his names.

4

8. Plaintiff alleges violations of the First, Eighth, and Fourteenth Amendments, the Americans with Disabilities Act, 42 U.S.C. § 2000e, et seq., Title II,[5] and the Civil Rights Institutionalized Persons Act ("CRLPA"), 42 U.S.C. §§ 1997-1997j. He seeks injunctive relief and compensatory and punitive damages and also requests counsel. (D.I. 6,19) The amended complaint alleges that: (1) plaintiff, while handcuffed, was assaulted by an unnamed corrections officer; (2) the DOC and all officials at VCC have retaliated against him for his prior civil litigation (i.e., 02-1674-SLR)[6] when they refused to adhere to his sentencing order and used false reports to justify their actions;[7] and (3) CMS and Dr. Kionke were deliberately indifferent to his serious and non-serious medical needs, administered old medications that made him ill and, when plaintiff filed a complaint, conspired with the DOC to retaliate against him.

9. In his amended complaint, plaintiff alleges that in approximately September 2007, Dr. Kionke began a dental procedure and refused to complete it. Plaintiff told Pierce that Dr. Kionke refused to complete the procedure, Pierce told Dr. Kionke to complete the procedure, Dr. Kionke refused, and Pierce told plaintiff that he could not do anything else to make Dr. Kionke complete the procedure because she worked for the

---

[5]It is not clear what statute to which this refers.

[6]Following a bench trial, judgment was entered on behalf of defendants and against plaintiff. *Giles v. Kearney*, Civ. No. 02-1674-SLR, D.I. 152 (D. Del. Sept. 28, 2007). Plaintiff filed an appeal in October 2007. (*Id.* at D.I. 153, 154) The appeal is pending.

[7]Plaintiff's sentence was modified, upon his request, on December 11, 2008, to include placement in the KEY program. (D.I. 21) The sentence was modified to fifteen years at Level V, suspended after three years with placement in the KEY program, to be followed by one year at Level III. (*Id.*)

medical contractor (presumably CMS).  Plaintiff alleges that after his mother threatened

a lawsuit, he received medical attention (not dental treatment).  The dental procedure

was not completed until approximately two weeks later.  Plaintiff alleges that he has had

dental problems since that time.  Plaintiff wrote to Pierce who forwarded his complaints

for investigation to a "medical guy."  Plaintiff also filed grievances, but his complaints

were classified as non-grievable.

    10.  Subsequent to filing the amended complaint, plaintiff submitted grievances in

support of his allegations.  (D.I. 9)  The grievances complain about the grievance

procedure, the failure of prison officials to transfer plaintiff to the KEY program, and

inadequate medical care.  (*Id.*)

    11.  Plaintiff filed other grievances and "judicial notices" that, in part, are related to

the claims in his amended complaint and, in part, appear to add new claims.  In an

exhibit he filed, plaintiff asks to add as defendants Mrs. Dunn ("Dunn"), Captain Rispoli

("Rispoli"), and Lt. Seacord ("Seacord").  (D.I. 12)  The grievances and filings raise new

issues that do not appear in the original complaint or the amended complaint.[8]  Plaintiff

may not add new claims or new defendants without seeking leave to amend.  Plaintiff is

advised that the court will not consider any proposed claim that is not related to the

---

    [8]For example, plaintiff's judicial notices and exhibits raise the following claims, all
unrelated to the claims in his amended complaint:  conditions of confinement (D.I. 12),
transfer from "the hole" (D.I. 12), violations of religious and First Amendment rights,
violations of section 3 of the Religious Land Use and Institutionalized Persons Act
("RLUIPA"), 42 U.S.C. §§ 2000cc 2000cc-5 I (D.I. 12, 13, 14), sexual abuse (D.I. 13),
and a new dental needs claim (D.I. 17).  The court will not consider the foregoing claims
as part of this action.  Plaintiff always has a remedy available by filing a new lawsuit.

6

claims raised in the amended complaint.  Hence, the court will deny plaintiff's request to add new defendants.  (D.I. 12)  Therefore, the claims before the court are as follows: dental/medical needs, grievance procedure, classification to KEY program, retaliation, and excessive force.  Plaintiff shall limit his filings to these issues.

12. **Motion to Amend**.  Plaintiff filed a motion to amend to add new defendants and amend the caption of the amended complaint.  (D.I. 10)  The motion adds as defendants security chief Scarborough ("Scarborough"), security chief Costello ("Costello"), Commissioner Danberg ("Danberg"), Anthony Redina ("Redina"), ICG member Matthew Dutton ("Dutton"), Jane Doe ("Jane Doe") described as the "classification lady" at HRYCI, and unnamed SCI officials who removed plaintiff from Key South ("unnamed SCI officials").  The proposed allegations are that the defendants are liable and have direct knowledge and are driving forces behind federal and civil rights violations to plaintiff.  (*Id.*)

13. "After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'"  *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)).  The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities."  *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted).  Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993).  Leave to amend should be granted absent a showing of "undue delay, bad

7

faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990).

14. The proposed amendment contains blanket assertions and conclusory allegations with no supportive facts indicating how, when, or where any of the newly proposed defendants violated plaintiff's rights. Accordingly, the court finds that the proposed amendments are frivolous and, therefore, the motion to amend is **denied**. (D.I. 10)

15. **Eleventh Amendment Immunity**. Plaintiff's claims against the DOC are barred by the State's Eleventh Amendment immunity. *See MCI Telecom. Corp. v. Bell Atl. of Pa.*, 271 F.3d 491, 503 (3d Cir. 2001). The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). The State has not waived its immunity from suit in federal court, and although Congress can abrogate a state's sovereign immunity, it did not do so through the

8

enactment of 42 U.S.C. § 1983. *Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d

Cir. 2007) (citations omitted) (not reported). Further, a state agency, such as the DOC,

"is not a person" subject to claims under 42 U.S.C. § 1983. *See Will v. Mich. Dep't of

State Police*, 491 U.S. 58, 71 (1989). Plaintiff's claims against  the DOC have no

arguable basis in law or in fact inasmuch as it is immune from suit.  Therefore, the

claims against it are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and §

1915A(b)(1).

        16. **Personal Involvement.**  The amended complaint alleges that defendants

Doe, Kramer, Hosterman, Kearney, Jackson, and Kiheston  "have actual involvement,

fair notice and warning, and participated, condoned, or applauded injustices and

violations."  A civil rights complaint must state the conduct, time, place, and persons

responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353

(3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir.

1980); *Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir. 1978)).  Additionally,

when bringing a § 1983 claim,  a plaintiff must allege that some person has deprived him

of a federal right, and that the person who caused the deprivation acted under color of

state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  The complaint alleges that plaintiff

was assaulted by an unknown individual on an unknown date at an unknown time.

Plaintiff's other sparse, conclusory allegations also fail to apprise defendants of their

acts that allegedly violated plaintiff's rights.  Accordingly, the court will dismiss all claims

against Doe, Kramer, Hosterman, Kearney, Jackson, and Kiheston as frivolous pursuant

to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

17. **Respondeat Superior**. Plaintiff raises claims against the supervisors, but does not name identify the defendant supervisors other than to allege that they are "the driving force" behind the alleged retaliation. (D.I. 6) Exhibit D, however, identifies the supervisors as Pierce and Hosterman.[9] (D.I. 21) The court further notes that defendant Kearney is the Delaware Bureau of Prisons Chief. As is well established, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Personal involvement can be shown through allegations that a defendant directed, had actual knowledge of, or acquiesced in, the deprivation of a plaintiff's constitutional rights. *Id.; see Monell v. Department of Social Services* 436 U.S. 658, 694-95 (1978). Supervisory liability may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or the supervisor's actions and inactions were "the moving force" behind the harm suffered by the plaintiff. *Sample v. Diecks,* 885 F.2d 1099, 1117-118 (3d Cir. 1989); *see also City of Canton v. Harris*, 489 U.S. 378 (1989); *Heggenmiller v. Edna Mahan Corr. Inst. for Women*, 128 F. App'x 240 (3d Cir. 2005) (not reported).

---

[9] Plaintiff also references Phelps and Costello. However, plaintiff voluntarily dismissed Phelps, and the court denied plaintiff leave to amend to add Costello as a defendant.

10

18. Additionally, participation in the after-the-fact review of a grievance is not enough to establish personal involvement. *See, e.g., Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (allegations that prison officials and administrators responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying deprivation) (not reported). *See also Cole v. Sobina*, Civ. No. 04-99J, 2007 WL 4460617 (W.D. Pa. Dec. 19, 2007); *Ramos v. Pennsylvania Dep't of Corr.*, Civ. No. 06-1444, 2006 WL 2129148 (M.D. Pa. July 27, 2006); *Jefferson v. Wolfe*, Civ. No. 04-44 ERIE, 2006 WL 1947721 (W.D. Pa. July 11, 2006). Nor does a prison official's failure to respond to an inmate's grievance state a constitutional claim. *Wilson v. Horn*, 971 F. Supp. 943, 947 (E.D. Pa.1997), *aff'd*, 142 F.3d 430 (3d Cir. 1998).

19. The complaint contains allegations against Pierce indicating he had personal involvement, at least as to plaintiff's dental claim. The remaining allegations against Pierce, as well as the allegations against Kearney and Hosterman fall under the auspices of a respondeat superior theory. For the foregoing reasons, plaintiff's claims against Kearney and Hosterman, as well as all claims except the medical needs claim against Pierce, lack an arguable basis in law or in fact and, therefore, fail to state a cognizable § 1983 claim. Therefore, the claims are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

20. **Grievances**. Plaintiff makes claims regarding the grievance process and his dissatisfaction with the grievance process. The filing of a prison grievance is a constitutionally protected activity. *Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir.

11

2006) (not reported). Although prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, this right is not compromised by the failure of prison officials to address these grievances. *Booth v. King*, 346 F. Supp. 2d 751, 761 (E.D. Pa. 2004). This is because inmates do not have a constitutionally protected right to prison grievance procedures. *Travillion v. Leon,* 248 F. App'x 353, 356 (3d Cir. 2007) (citations omitted) (not published); *Burnside v. Moser*, 138 F. App'x 414, 416 (3d Cir. 2005) (failure of prison officials to process administrative grievance did not amount to a constitutional violation). Nor does the existence of a grievance procedure confer prison inmates with any substantive constitutional rights. *Burnside,* 138 F. App'x at 417 (citations omitted). Plaintiff cannot maintain his constitutional claims based upon his perception that his grievances were not properly processed, investigated, or that the grievance process is inadequate. Therefore, the allegations of unconstitutional conduct relating to grievances filed will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

21. **Classification**. It seems that plaintiff attempts to raise classification claims against Kramer, Hosterman, and Jackson as he identifies them with the word "classification." Initially, the court notes that inmates have "no legitimate statutory or constitutional entitlement" to any particular custodial classification even if a new classification would cause that inmate to suffer a "grievous loss." *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). Moreover, neither Delaware law nor DOC regulations create a liberty interest in a prisoner's classification within an institution. *See* 11 Del. C. § 6529(e). "'As long as the conditions or degree of confinement to which [a] prisoner is

12

subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight.'" *Hewitt v. Helms*, 459 U.S. 460, 468 (1983) (quoting *Montanye v. Haymes*, 427 U.S. 236, 242 (1976)).

22. It has thus been determined that the transfer of a prisoner from one classification is unprotected by "'the Due Process Clause in and of itself,'" even though the change in status involves a significant modification in conditions of confinement. *Hewitt*, 459 U.S. at 468 (citation omitted); *Moody v. Daggett*, 429 U.S. 78 (1976 ); *see also Brown v. Cunningham,* 730 F. Supp. 612 (D. Del. 1990) (plaintiff's transfer from general population to administrative segregation, without being given notice and opportunity to challenge it, was not violation of plaintiff's liberty interest). To the extent that plaintiff raises classification claims against Kramer, Hosterman, and Jackson, the claims are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

23. **KEY Program**. Exhibit D alleges that Pierce and Hosterman violated plaintiff's constitutional rights by their failure to comply with his KEY placement as indicated in the December 11, 2008 modification his sentence. (D.I. 21) The order modifying plaintiff's sentence did not order that defendants place plaintiff in the Key Program and keep him there until he completes it. (*See* D.I. 21) Hence, there is no clear legal or ministerial duty existing with regard to plaintiff's participation in the Key Program. *Phillips v. Department of Corr.*, Civ. No. 03M-12-014, 2004 WL 691769, at *2 (Del. Super. Mar. 2, 2004). Additionally, the DOC has the discretion to determine

13

whether plaintiff may participate in the program and plaintiff has no constitutionally protected interest liberty interest in his prison classification status. *Winward v. Taylor*, 788 A.2d 133 (Del. 2001) (table decision); *see Bagwell v. Prince*, 683 A.2d 58 (Del. 1996) (table decision) (DOC's decisions regarding placement of inmates is discretionary). For the above reasons, plaintiff's claim has no basis in law or fact and is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

24. **Retaliation**. Plaintiff's third judicial notice clarifies his retaliation claim. (D.I. 14) He alleges that the DOC did not comply with plaintiff's sentence modification order in retaliation for plaintiff's civil lawsuit, Civ. No. 02-1674-SLR, and the subsequent appeal. (*Id.*) "Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under § 1983." *White v. Napoleon,* 897 F.2d 103, 111-12 (3d Cir. 1990). It has long been established that the First Amendment bars retaliation for protected speech. *See Crawford-El v. Britton,* 523 U.S. 574, 592 (1998); *Milhouse v. Carlson,* 652 F.2d 371, 373-74 (3d Cir. 1981). Proof of a retaliation claim requires that plaintiff demonstrate (1) he engaged in protected activity; (2) he was subjected to adverse actions by a state actor; and (3) the protected activity was a substantial motivating factor in the state actor's decision to take adverse action. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001) (quoting *Mt. Healthy Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *see also Allah v. Seiverling*, 229 F.3d 220 (3d Cir. 2000) (a fact finder could conclude that retaliatory placement in administrative confinement would "deter a person of ordinary firmness from exercising his First Amendment rights" (citations omitted)). "[O]nce a prisoner demonstrates that his

14

exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." *Id.* at 334.  Applying the retaliation standard and construing the complaint liberally, plaintiff has stated a claim of retaliation for his exercise of his First Amendment right to access the courts.  However, plaintiff's clarification of the claim makes it clear that it is brought solely against the DOC, and the DOC is immune from suit.  Therefore, the retaliation claim is dismissed.  It may be that there are individuals who took retaliatory action.  Accordingly, plaintiff will be given leave to amend the retaliation claim.

25.  **Request for Counsel.**  Plaintiff's requests for counsel are **denied** without prejudice.  (D.I. 6, 19)  The complaint contains a request for appointment of counsel as does another filing.  A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel.  *See Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997).  It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case."  *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *accord Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate

15

under certain circumstances, after a finding that a plaintiff's claim has arguable merit in

fact and law).

26. After passing this threshold inquiry, the court should consider a number of

factors when assessing a request for counsel, including:

(1) the plaintiff's ability to present his or her own case;(2) the difficulty of
the particular legal issues; (3) the degree to which factual investigation will
be necessary and the ability of the plaintiff to pursue investigation; (4) the
plaintiff's capacity to retain counsel on his own behalf; (5) the extent to
which a case is likely to turn on credibility determinations; and (6) whether
the case will require testimony from expert witnesses.

*Tabron*, 6 F.3d at 155-57; *accord Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*, 294

F.3d 492, 499 (3d Cir. 2002).

27. Upon consideration of the record, the court is not persuaded that

appointment of counsel is warranted at this time. Plaintiff has demonstrated an ability to

present his claims and there is no evidence that prejudice will result in the absence of

counsel. Further motions for appointment of counsel shall be deemed denied without

prejudice to renew should any of plaintiff's claims survive summary judgment.

28. **Conclusion**. For the above reasons, Plaintiff's motion and request to amend

are denied. (D.I. 10, 12) Plaintiff's request for counsel is denied without prejudice. (D.I.

6, 19) Pursuant to plaintiff's request, Phelps is dismissed as a defendant. (D.I. 7) The

clerk of the court is directed to correct the name of defendant Medical Contractors to

Medical Contractors CMS, to remove or terminate the second court docket listing of

defendant Pierce, and to terminate Dentist Lady from the court docket.

29.  Plaintiff will be allowed to proceed with his medical needs claim against defendants Pierce, CMS, and Dr. Kionke.  All remaining claims and defendants are dismissed are pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).  Plaintiff is given leave to amend the complaint only as to the retaliation issue.  The amendment **shall be filed within thirty days from the date of this order.**  If an amended complaint is not filed within that time frame, then a service order will issue and the case shall proceed on the medical needs claims against CMS, Pierce, and Dr. Kionke.

UNITED STATES DISTRICT JUDGE

17