IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WARDELL LEROY GILES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 09-045-SLR |
| ) | |
| MEDICAL CONTRACTORS CMS, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

Wardell Leroy Giles, Pro Se Plaintiff. James T. Vaughn Correctional Center, Smyrna, Delaware.

James Edward Drnec, Esquire, Balick & Balick, Wilmington, Delaware. Counsel for Defendants Correctional Medical Services, Inc. and Kathy Kionke.

Stacy X. Stewart, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants David Pierce, Todd Kramer, Ron Hosterman, Rick Kearney, and Jamie Jackson.

**MEMORANDUM OPINION**

Dated: January 26, 2010
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Wardell Leroy Giles ("plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC"), filed this civil rights complaint pursuant to 42 U.S.C. § 1983. (D.I. 6, 23) Presently before the court are several motions filed by the parties, including requests for counsel, a motion to dismiss, motions to amend, a motion to depose plaintiff, and a motion to enforce the Freedom of Information Act ("FOIA"). (D.I. 40, 51, 59, 73, 89, 92, 93, 98) For the reasons set forth below, the court will deny plaintiff's requests for counsel, motions to amend, and motion to enforce FOIA and will grant the motion to dismiss filed by defendants Todd Kramer ("Kramer"), Ron Hosterman ("Hosterman"), Rick Kearney ("Kearney"), and Jamie Jackson ("Jackson") and the motion to depose plaintiff filed by defendant Correctional Medical Services, Inc. ("CMS").

## II. BACKGROUND

Plaintiff filed his complaint on January 21, 2009, and an amendment on February 2, 2009. (D.I. 2, 6) The court screened the complaint, pursuant to 28 U.S.C. §§ 1915 and 1915A, and dismissed several defendants. (D.I. 22) Plaintiff raised a number of claims all of which were dismissed, except his medical needs claim. (*Id.*) The court dismissed the claims on the basis of Eleventh Amendment immunity, lack of personal involvement, respondeat superior, and as frivolous.[1] Plaintiff was given leave to amend only as to his retaliation claim. On April 21, 2009, plaintiff amended his complaint and named the following individuals as those who engaged in retaliation: Kearney, Kramer,

---

[1] The court dismissed claims regarding the grievance procedure process, classification, the KEY program, and retaliation. (D.I. 22)

Hosterman, Jackson, classification lady at HRYCI, and unnamed SCI personnel who removed plaintiff from the KEY program.[2] (D.I. 23)

As is his practice, plaintiff has filed many notices and exhibits. Some concern the dismissed claims, some concern the remaining claims, and others appear to attempt to raise new claims. Plaintiff was previously advised that the court would not consider any proposed claim that is not related to the claims raised in the amended complaint. (D.I. 22)

## III. MOTION TO DISMISS

### A. Standard of Review

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

A well-pleaded complaint, however, must contain more than mere labels and conclusions. See *Ashcroft v. Iqbal*, –U.S.– , 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210

---

[2]To date, Jackson has not been served and the HRYCI lady has not been identified or served.

(3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief." *Id.* at 211; *see also Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 570. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

### B. Discussion

Plaintiff alleges that the Delaware Department of Correction ("DOC") did not comply with his sentence modification order in retaliation for plaintiff's civil lawsuit, Civ. No. 02-1674-SLR, and the subsequent appeal. (D.I. 14.) Plaintiff alleges the defendants involved in the retaliation are Kearney, Kramer, Hosterman, Jackson,

-3-

classification lady from the HRYCI, and SCI personnel who were involved in his removal from the KEY program. (D.I. 23.) Defendants Kearney, Kramer, Hosterman, and Jackson argue the claims against them fail to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). More particularly, they argue that the retaliation claim does not meet pleading requirements and fails to allege the requisite personal involvement for a § 1983 claim. Plaintiff responds that he supplemented the record during the month of October with a motion that clearly states each individual defendant's personal involvement with detailed data, giving defendants fair notice of their specific conduct. The court has reviewed each of plaintiff's October 2009 filings and was unable to discern the document to which he refers.

Initially the court notes that plaintiff's retaliation claim against the foregoing defendants fails to meet the pleading requirements of *Iqbal* and *Twombley*. The claim consists of legal conclusions and the facts, sparse as they are, are not directed towards the moving defendants. It may be that the foregoing individuals are named as defendants based upon their supervisory positions. As is well established, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory.[3] *See Iqbal*, 129 S.Ct. 1937; *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "'A[n individual government] defendant in a civil rights

---

[3]In *Iqbal*, the plaintiff alleged supervisory officials violated his rights because one official was the "principal architect" of the policy, and another was "implemental" in adoption and execution of the policy. *See id.* at 1944. The Supreme Court found the allegations facially insufficient. *See Iqbal*, 129 S.Ct. at 1949 (quoting *Robertson v. Sichel*, 127 U.S. 507, 515-516 (1888), for the proposition that "[a] public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties").

action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Purpose rather than knowledge is required to impose liability on an official charged with violations arising from his or her superintendent responsibilities.[4] *Iqbal*, – U.S. –, 129 S.Ct. at 1949. "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.*

Plaintiff's complaint, and its amendments, do not associate any of his allegations with Kearney, Kramer, Hosterman, Jackson, classification lady from the HRYCI, or unnamed SCI personnel involved in plaintiff's removal from the KEY program. Indeed, the complaint contains conclusory allegations without facts to support a claim. Inasmuch as the court's previous order advised plaintiff of his pleading deficiencies and plaintiff failed to correct those deficiencies, the court will grant the motion to dismiss with prejudice. *See e.g., Foman v. Davis*, 371 U.S. 178, 182 (1962) (The court may curtail or deny a request for leave to amend where there is "repeated failure to cure deficiencies by amendments previously allowed" and there would be "futility of amendment.").

## IV. MOTIONS TO AMEND

Plaintiff moves to amend the complaint to add KEY South director McCann ("McCann") and C/O Kearney as defendants. (D.I. 73) Plaintiff indicates that these two

---

[4]In light of *Iqbal*, it is uncertain whether proof of personal knowledge, with nothing more, provides a sufficient basis to impose liability upon a supervisory official. *See Bayer v. Monroe County Children and Youth Services*, 577 F.3d 186, 190 n.5 (3d Cir. 2009)

individuals are the unnamed SCI personnel who were involved in his transfer. (*Id.*) Plaintiff alleges that McCann was the active director when he was illegally transferred from the KEY program, and believes that McCann's involvement is "secondary," but that he is "still liable." (*Id.*) Plaintiff alleges that McCann "has often and continuously engaged in questionable conduct with DOC officials, to lay out a continuous practice, custom, and protocol that violates" his rights. Plaintiff alleges that McCann "went along with" his removal from the KEY program.

Plaintiff seeks to add C/O Kearney ("C/O Kearney") as a defendant.[5] He alleges that C/O Kearney was the on-desk officer who told plaintiff to pack his stuff and that he was being transferred to KEY North from KEY South. Plaintiff alleges that C/O Kearney initiated the retaliation constructed by his father and help set up the "top secret and under-handed transfer."

Plaintiff also moves to amend to incorporate a Jones Act claim, 46 App. U.S.C. § 688(A), against defendant CMS.[6] (D.I. 98) Plaintiff alleges the Jones Act applies to CMS because it had notice of plaintiff's suffering and CMS did nothing to alleviate the problem.

"After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'" *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)). The Third Circuit has adopted a liberal approach

---

[5]Plaintiff states that C/O Kearney is Bureau Chief Rick Kearney's son.

[6]The Jones Act was revised in 2006 and is now found at 46 U.S.C. § 30104 *et seq.*

to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted).

Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990).

Plaintiff's proposed claim regarding an illegal transfer is frivolous. The Delaware Supreme Court has recognized that prison officials have discretion to house inmates at the facilities they choose. *Walls v. Taylor*, 856 A.2d 1067, 2004 WL 906550 (Del. 2004) (table) (citing *Brathwaite v. State*, No. 169, 2003 (Del. Dec. 29, 2003). Furthermore, the United States Supreme Court has held that an inmate has no due process right to be incarcerated in a particular institution whether it be inside the state of conviction, or outside that state. *Olim v. Wakinekona*, 461 U.S. 238, 251 (1983). With respect to the KEY program, there is no clear legal or ministerial duty existing as to plaintiff's participation in the KEY Program. *Phillips v. Department of Corr.*, Civ. No. 03M-12-014, 2004 WL 691769, at *2 (Del. Super. Mar. 2, 2004). Additionally, the DOC has the

discretion to determine whether plaintiff may participate in the program and plaintiff has no constitutionally protected interest liberty interest in his prison classification status. Winward v. Taylor, 788 A.2d 133 (Del. 2001) (table decision); see Bagwell v. Prince, 683 A.2d 58 (Del. 1996) (table decision) (DOC's decisions regarding placement of inmates is discretionary).

Plaintiff's claim against McCann is also frivolous as is relies upon the theory of respondeat superior. As is well established, civil rights claims cannot be premised on a theory of respondeat superior. Natale v. Camden County Corr. Facility, 318 F.3d 575, 583 (3d Cir. 2003); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Similarly, the retaliation claims relies upon labels, conclusions, and supposition, and fails to meet the pleading requirements of Iqbal and Twombley as the facts as alleged do not support a retaliation claim. As discussed above, while plaintiff was given leave to amend the retaliation claim, he did not remedy the pleading deficiencies. Finally, the Jones Act is inapplicable to this case. The Jones Act provides a seaman, injured in the course of his employment, a cause of action in negligence against his employer. Reeves v. Mobile Dredging & Pumping Co., 26 F.3d 1247, 1250 (3d Cir.1994).

There is futility of amendment. For the above reasons, the court will deny the motions to amend.

## V. REQUESTS FOR COUNSEL

Plaintiff renews his request for counsel. (D.I. 40, 59, 92) A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). However, representation by counsel may be

appropriate under certain circumstances, if the court finds that plaintiff's claim has arguable merit in fact and law. Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).

Plaintiff has previously sought, and was denied, counsel. (D.I. 22) He was advised that further requests for counsel would be denied without prejudice to renew should any of his claims survive summary judgment. (Id.) For the reasons stated in the court's April 15, 2009 memorandum order, the requests will be denied.

## VI. MISCELLANEOUS MOTIONS

### A. Motion for Leave to Depose Plaintiff

The court will grant CMS' motion for leave to depose plaintiff pursuant to Fed. R. Civ. P. 30(a). (D.I. 89) Counsel for defendants may depose plaintiff.

### B. Motion to Enforce Freedom of Information Act

Plaintiff moves to enforce the FOIA as a means to compel the discovery of the work and conduct records of defendant Dr. Kionke. (D.I. 93) The motion will be denied. Plaintiff shall employ the Federal Rules of Civil Procedure during the discovery process.

## VII. CONCLUSION

Based upon the foregoing analysis, the court will grant defendants' Kramer, Hosterman, Kearney, and Jackson's motion to dismiss. The court will deny plaintiff's motions to amend, will deny without prejudice plaintiff's requests for counsel, and will deny plaintiff's motion to enforce the FOIA. The court will grant CMS' motion for leave to depose plaintiff. An appropriate order will issue.